UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MATTHEW COBB, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | C.A. No. 09-11477-MLW |
| | ) | |
| JANE RABE, et al., | ) | |
|     Defendants. | ) | |

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                    September 30, 2010

I. INTRODUCTION

On October 30, 2009, <u>pro se</u> plaintiff Matthew Cobb filed this action against Jane Rabe and various other officials of Massachusetts state government.  Count I alleges breach of contract, specifically breach of a settlement agreement related to <u>Cobb v. Rabe & Nutile</u>, 05-11910-MLW.  Count II alleges civil liability for violation of, or conspiracy to violate, the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §1962. Defendants are moving to dismiss both counts.  For the following reasons, the defendants' motion to dismiss is being allowed, and this case is being dismissed.

II.  PROCEDURAL HISTORY

Cobb is a disbarred attorney.  <u>See</u> <u>In re Cobb</u>, No. 04-10226, 2010 WL 3398892, at *3 (D. Mass. Aug. 30, 2010).  In 2010, in <u>In re Cobb</u>, Judge Patti B. Saris described in detail the state and federal disciplinary proceedings resulting in Cobb's disbarment.  <u>See</u> <u>id.</u>

at *1-4.  Judge Saris also described several federal actions brought by Cobb against participants in his disciplinary proceeding.  See id. at *4-5.  Rather than recount this entire history, the court will describe only those portions helpful to understanding the claims in this case.

Bar Counsel filed a Petition for Discipline against Cobb on February 12, 2001.  See Cobb, 2010 WL 3398892, at *1.  Cobb's disciplinary proceedings were based in part on allegations of misconduct arising out of Cobb's representation of Richard and Jean Nutile.  See id.  Following hearings in late 2001 and early 2002, the hearing committee issued a report recommending disbarment on February 21, 2003.  See id.  Regarding Cobb's representation of the Nutiles, the hearing committee found that, among other things, Cobb converted the Nutiles' funds to pay sanctions imposed against Cobb personally.  See id. at 2.  This finding was based in part on the testimony of Richard Nutile.  See In re Cobb, 838 N.E.2d 1197, 1209-10 (Mass. 2005).  Following various appellate proceedings, the Supreme Judicial Court affirmed Cobb's disbarment on December 8, 2005.  See id. at 1219.

On September 21, 2005, Cobb brought an action in federal court against Jane Rabe and Richard Nutile pursuant to 42 U.S.C. §1983. See Compl. ¶29, Cobb v. Rabe & Nutile, 05-11910-MLW.  In that action, Cobb alleged that, in or around October, 2000, Rabe, an employee of the Massachusetts Office of Bar Counsel, contacted the

Nutiles and offered them a bribe in exchange for their cooperation in prosecuting disciplinary proceedings against Cobb.  Id. ¶¶5, 8. Cobb further alleged that, in 2005, Rabe completed the bribery by assisting Richard Nutile in filing a claim with the Massachusetts Client Security Board ("CSB").  Id. ¶13.  Having entered into a settlement agreement, the parties jointly stipulated to the dismissal of the action with prejudice on December 13, 2005.  See Joint Stipulation of Dismissal with Prejudice, Cobb v. Rabe & Nutile, 05-11910-MLW.  The settlement agreement was entered as a separate entry on the docket under seal, see Settlement Agreement and General Mutual Release (Docket No. 3 (under seal)), Cobb v. Rabe & Nutile, 05-11910, but the obligations of the settlement agreement were not made part of the order of dismissal.

Cobb filed this action on September 4, 2009.  On October 30, 2009, Cobb filed his Second Amended Complaint, which the parties agree is the operative pleading in the case.  Count I of the Second Amended Complaint asserts a claim for breach of contract against all defendants and alleges that defendants breached the settlement agreement arising out of Cobb v. Rabe & Nutile, 05-11910-MLW, by publishing information about Cobb's disciplinary proceedings.  Count II of the Second Amended Complaint asserts a claim for civil liability for RICO violations against Rabe alone and alleges that Rabe engaged in racketeering activity that included: (1) that Rabe bribed the Nutiles to provide false testimony in the disciplinary

3

proceeding in or around October, 2000; (2) that Richard Nutile then falsely testified at the disciplinary hearing in October, 2001; and (3) that, relying on the false findings arising out of Nutile's perjured testimony, Rabe assisted Nutile in fraudulently claiming funds from the CSB, which made a payment to Nutile on September 22, 2005.  On November 16, 2009, defendants moved to dismiss the action on the grounds that Count II fails to state a claim and that, absent Count II, the court lacks subject matter jurisdiction over Count I.

III.  DISCUSSION

    A.  <u>Count II</u>

        1.  <u>Legal Standard for Motion to Dismiss</u>

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "take all factual allegations as true and [] draw all <u>reasonable</u> inferences in favor of the plaintiff." <u>Rodriquez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 96 (1st Cir. 2007); <u>see also</u> <u>Maldonado v. Fontanes</u>, 568 F.3d 263, 266 (1st Cir. 2009).  A motion to dismiss should be denied if a plaintiff has shown "a plausible entitlement to relief." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 559 (2007); <u>see also</u> <u>Rodriquez-Ortiz</u>, 490 F.3d at 95-96 (applying the <u>Bell Atl.</u> standard to a claim under the Private Securities Litigation Reform Act); <u>Morales-Tanon v. Puerto Rico Elec. Power Authority</u>, 524 F.3d 15, 18 (1st Cir. 2008) (applying the <u>Bell Atl.</u> standard to a claim under 42 U.S.C. §1983).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard does not require "detailed factual allegations," but does require "more than labels and conclusions . . ., and a formulaic recitation of the elements of a cause of action will not do . . . ." <u>Bell Atl.</u>, 550 U.S. at 555.  A court may disregard "bald assertions, unsupportable conclusions, and opprobrious epithets."  <u>In re Citigroup, Inc.</u>, 535 F.3d 45, 52 (1st Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is <u>plausible</u> on its face." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009)(emphasis added). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id.</u> (quoting <u>Bell Atl.</u>, 550 U.S. at 557).

"Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint."  <u>Rivera</u>, 575 F.3d at 15 (internal quotation marks omitted); <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993).  From this rule, the First Circuit makes "narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff['s] claim; or for documents sufficiently referred to in the complaint."

<u>Watterson</u>, 987 F.2d at 3-4; <u>Beddal v. State Street Bank and Trust, Co.</u>, 137 F.3d 12, 16-17 (1st Cir. 1998) (When "a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged) that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).").

      2. <u>Analysis</u>

It is a crime "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. §1962(c). A person injured in his business or property by reason of a violation of §1962 may sue for damages, in what is often called a civil RICO claim. <u>See</u> 18 U.S.C. §1964(c).

"To state a RICO claim, [a plaintiff] must allege four elements: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." <u>Giuliano v. Fulton</u>, 399 F.3d 381, 386 (1st Cir. 2005)(internal quotation marks omitted). "Racketeering activity" means "any act that violates one of the federal laws specified in the RICO statute." <u>Id.</u> (citing 18 U.S.C. §1961(1)). "At least two acts of racketeering activity must occur within ten years of each other to constitute a 'pattern.'" <u>Id.</u>

(citing 18 U.S.C. §1951(5)).

Civil RICO claims are subject to a four-year limitations period.  See Lares Group, II v. Tobin, 221 F.3d 41, 44 (1st Cir. 2000)(citing Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987)).  Where a plaintiff's injury completes the cause of action, the claim accrues, and thus the limitations period begins to run, when the plaintiff knew or should have known of the injury.  See id. at 44 (holding that the rule of Rodriguez v. Banco Central, 917 F.2d 664, 665 (1st Cir. 1990), remained intact after Rotella v. Wood, 528 U.S. 549 (2000)).  The First Circuit has not resolved, however, whether a different rule would apply to cases in which the injury does not complete the cause of action, such as when the second predicate act follows the injury.  See id. at 45.

Here, defendants argue that Cobb was aware of his injury prior to September, 2005 (four years before he filed this action in September, 2009), and that his claim, therefore, accrued prior to that time and is barred by the limitations period.  In response, Cobb agrees that he was injured in 2004 by disbarment and knew of this injury.[1]  See Opp. at 11, 16.  However, Cobb argues that his claim did not accrue until September, 2005, when, Cobb contends, his

---

[1]Cobb does not argue that there were too few predicate acts prior to his injury in 2004.  Additionally, Cobb does not argue that any harm allegedly suffered in 2005, when the CSB allegedly sought reimbursement from Cobb, should be governed by a different limitations period (perhaps beginning to run at the time of any new harm in 2005) than the harm arising out of his disbarment.

cause of action was completed by Rabe's commission, for the first time, of a predicate crime for which civil liability was not barred by prosecutorial immunity.   In other words, Cobb argues that the court should not apply the "injury discovery accrual rule" of <u>Lares Group</u> and <u>Rodriquez</u>, because his injury did not complete the cause of action due to the prospective defendant's immunity from suit.

In <u>Rotella</u>, the Supreme Court acknowledged that the "injury discovery accrual rule" might not be appropriate in cases where the injury occurs before "the cause of action is complete."   <u>See</u> 528 U.S. at 559 n.4.   However, it was unnecessary to reach that question where the injury "completed the elements of [the] cause of action." <u>See</u> <u>id.</u>   In <u>Lares Group</u>, the First Circuit adopted this formulation by quoting the Supreme Court's discussion, which focused on the presence of "the elements of [the] cause of action."   <u>See</u> 221 F.3d 41, 45 (1st Cir. 2000)(quoting <u>Rotella</u>, 528 U.S. at 559 n.4). Accordingly, the court concludes that it must apply the injury discovery accrual rule when the injury occurs in the presence of "the elements of [the] cause of action" as articulated in cases like <u>Giuliano</u>, 399 F.3d at 386, notwithstanding the possibility that the defense of prosecutorial immunity may be available to certain potential defendants.   Thus, because Cobb does not argue that any of the four elements of a civil RICO claim were absent at the time of his 2004 disbarment, his civil RICO claim accrued no later than 2004, more than four years before he filed this suit in 2009, and

is barred by the applicable limitations period.  See Lares Group,
221 F.3d at 44.   Consequently, the Motion to Dismiss is being
allowed as to Count II, and Count II is being dismissed.

    B.  Count I

    Count I alleges breach of contract, a state-law cause of
action.  Cobb does not assert diversity jurisdiction.  Although the
contract at issue was a settlement agreement arising out of a
federal action, the settlement agreement was not made part of the
order of dismissal in that action and does not, therefore, confer
upon the court any additional enforcement power.  See Kokkonen v.
Guardian Life Insurance Company of America, 511 U.S. 375, 381
(1994).

    Cobb argues that this claim invokes federal question
jurisdiction because it is a state law claim involving embedded
federal questions.  State-law causes of action fall within federal
questions jurisdiction if they "'necessarily raise[] a stated
federal issue, actually disputed and substantial, which a federal
forum may entertain without disturbing any congressionally approved
balance of federal and state judicial responsibilities.'" Rhode
Island Fisherman's Alliance, Inc. v. Rhode Island Department of
Environmental Management, 585 F.3d 42, 48 (1st Cir. 2009)(quoting
Grable & Sons Metal Prods., Inc. v. Darue Eng'q & Mfg., 545 U.S.
308, 314 (2005)).  "The existence of a federal defense to a state-
law cause of action will not suffice." Id.  Cobb asserts that the

embedded issue of federal law are whether the suit is barred as to certain defendants by sovereign immunity under the Eleventh Amendment and whether the breach of contract by state actors violated Cobb's rights to substantive or procedural due process, equal protection, and free speech. Sovereign immunity, however, is a defense, see, e.g., Parker v. Universidad de Puerto Rico, 225 F.3d 1, 8 (1st Cir. 2000)(characterizing Eleventh Amendment sovereign immunity as a defense), and the breach of contract claim hinges on a question of contract interpretation[2] and is unrelated to possible violations of Cobb's constitutional rights.   Thus, there is no embedded federal question conferring federal question jurisdiction.

Because there is no independent basis upon which to exercise subject matter jurisdiction over this breach of contract claim, and because federal courts should ordinarily decline to exercise supplemental jurisdiction over state-law claims when all federal claims are dismissed at an early stage of the case, see Parker v. Hurley, 474 F. Supp. 2d 261, 278 (D. Mass. 2007)(describing standard), Count I is being dismissed without prejudice.

IV.  ORDER

For the foregoing reasons, it is hereby ORDERED that:

1.  Defendants' Motion to Dismiss is ALLOWED to the extent that

---

[2]Specifically, the issue is whether the language "release, acquit and forever discharge each other Party hereto from any and all claims of any sort" means that defendants cannot make "claims" about Cobb by publishing information about his disciplinary proceedings.

10

Count II is DISMISSED and Count I is DISMISSED without prejudice.

    2.  All pending motions are moot.


                        /s/ Mark L. Wolf
                    UNITED STATES DISTRICT JUDGE